UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDITH DELONG,<br><br>    Plaintiff,<br><br>v.<br><br>ENTERPRIZE SPORTS LLC,<br><br>    Defendant. | Case No. 3:25-cv-00069<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Judith DeLong's motion for an extension of the time to serve process on Defendant Enterprize Sports LLC under Federal Rule of Civil Procedure 4(m) and for authorization to do so by certified mail and email. (Doc. No. 11.) DeLong asserts that she has attempted to serve process on Enterprize Sports numerous times in two states, but Enterprize Sports has not yet been served or made an appearance in this case. (*Id.*) For the reasons that follow, DeLong's motion for an extension of time in which to serve Enterprize Sports and for an order authorizing service by certified mail and email will be granted in part and found moot in part.

I.    **Relevant Background**

DeLong is a professional videographer based in New York, New York, who has built a portfolio of original works, many of which are protected by copyright registrations from the United States Copyright Office (USCO) or the subject of pending copyright applications. (Doc. No. 1.) Enterprize Sports is an inactive limited liability company that was registered and maintained its principal place of business in Nashville, Tennessee, at the time of the alleged conduct. (Doc. Nos. 1, 11.)

Delong states that she first published a video of "the Sea Salt Bartender" online on May 19, 2024. (Doc. No. 1, PageID# 1, ¶ 2; *id.* at PageID# 2, ¶ 14.) DeLong "personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video and made each and every artistic determination necessary for the creation of the work." (*Id.* at PageID# 2, ¶ 15.) DeLong alleges that, on or about May 21, 2024, Enterprize Sports posted the video on its Instagram account without her permission or authorization. (Doc. No. 1.) DeLong first learned of Enterprize Sports' Instagram post on June 12, 2024. (*Id.*) DeLong states that the Sea Salt Bartender video "was registered by the USCO under Registration No. PA 2-481-771" on June 21, 2024. (*Id.* at PageID# 2, ¶ 16.)

DeLong states that, on August 6, 2024, her counsel "served a letter" on Enterprize Sports "seeking to address" her concerns that Enterprize Sports had engaged in copyright infringement. (*Id.* at PageID#5, ¶ 41.) Specifically, DeLong's counsel states by declaration that his firm sent the letter to three email addresses for Enterprize Sports—dc@enterprizesports.com, dan@enterprizesports.com, and doug@enterprizesports.com—and that Enterprize Sports "responded to the pre-litigation communication attempts" using the "dc@enterprizesports.com" email address as recently as October 2024. (Doc. No. 11-1, PageID# 39, ¶ 13.)

DeLong asserts that, "[d]espite [her] efforts and willingness to address [Enterprize Sports'] infringing activity, the parties failed to resolve" the dispute. (Doc. No. 1, PageID# 5, ¶ 42.) As a result, DeLong filed this action on January 20, 2025. (Doc. No. 1.) In her complaint, DeLong asserts one claim of direct copyright infringement under the Copyright Act, 17 U.S.C. § 501 et seq., alleging that Enterprize Sports "improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by [DeLong] . . . ." (*Id.* at PageID# 5, ¶ 49.) DeLong asks the Court to find that, by publishing the Sea Salt Bartender video without

2

authorization, Enterprize Sports infringed on DeLong's copyright interest in the video and to award damages.

At DeLong's request, the Clerk of Court issued a summons to Enterprize Sports the day after DeLong filed her complaint. (Doc. No. 3.) DeLong states that, "immediately upon the issuance of the summons, [DeLong] engaged a process server to attempt service upon [Enterprize Sports] at all known addresses." (Doc. No. 11, PageID# 29). DeLong states that she hired Kentucky Process Service Inc. (KPS) to personally serve Enterprize Sports at its registered address in Nashville. (Doc. No. 11.) In an affidavit of non-service, KPS states that it attempted to serve Enterprize Sports on February 3, February 5, and February 6, 2025, but found that "th[e] address was an apartment complex and that . . . the individual located in the suite had never heard of [Enterprize Sports] and had no affiliation with [it]." (*Id.* at PageID# 30; Doc. No. 11-3, PageID# 41.)

After the unsuccessful attempts to serve Enterprize Sports in Nashville, DeLong's counsel "conducted a TLO skip-tracing paid search service on [Enterprize Sports] and its known principal, Doug Robins[.]"[1] (Doc. No. 11, PageID# 31.) Through the skip-tracing search, DeLong found a residential address for Robins in Riverside, New Jersey, and once again enlisted the assistance of a process service company, Accredited Process Service, LLC (APS), to personally serve Enterprize Sports through Robins. (Doc. No. 11.) The APS process server attempted to serve Robins at that address a total of seven times between March 5 and 17, 2025. (*Id.*; Doc. No. 11-3.) APS attested

---

[1]    According to TLO's parent company Trans Union, "TLO is a leading data solutions provider specializing in custom, scalable investigative and risk management tools" and "TLO's core product, TLOxp®, is . . . technology for locating, researching and finding the connections between individuals, businesses and assets." Press Release, TransUnion, *TransUnion Completes Acquisition of TLO* (Dec. 16, 2013), https://newsroom.transunion.com/transunion-completes-acquisition-of-tlo/ (last visited July 29, 2025).

in its affidavit of non-service that it confirmed with a "Jane Doe" present at Robins's address, purportedly Robins's mother, that Robins lived at the residence. (Doc. No. 11-3, PageID# 43.)

DeLong filed this motion on April 18, 2025. (Doc. No. 11.) DeLong requests an additional thirty days from the disposition of this motion to serve Enterprize Sports. (*Id.*) DeLong also seeks an order authorizing her to serve Enterprize Sports through Robins by email at dc@enterprizesports.com, dan@enterprizesports.com, and doug@enterprizesports.com, and by mail to Robins's address in New Jersey. (*Id.*)

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(h) provides two methods for serving a corporate defendant like Enterprize Sports. Rule 4(h)(1)(B) provides that service on a domestic or foreign corporation, partnership, or other unincorporated association subject to suit in a United States judicial district may be accomplished

by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1)(B). "Courts interpreting this rule have held that 'delivery means personal delivery, not service by mail.'" *Trisko v. Kropf Farms*, Case No. 3:18-cv-00302, 2019 WL 3504154, at *2 (M.D. Tenn. Aug. 1, 2019) (quoting *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 10399393 (M.D. Tenn. May 25, 2017)).

Rule 4(h)(1)(A) provides that service on a corporation also may be accomplished as prescribed by Rule 4(e)(1) for service on an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides for service by "following state law for serving a summons . . . in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

III.     **Analysis**

DeLong filed her complaint on January 20, 2025 (Doc. No. 1), and the ninety-day period for effecting service of process on Enterprize Sports under Rule 4(pm) has now passed. *See* Fed.

R. Civ. P. 4(m). The Court will therefore address DeLong's request to extend the service deadline

before addressing her request for leave to serve Enterprize Sports by certified mail and email.

### A. Extension of Time to Effect Service

"In determining whether good cause exists to extend the deadline for service," a court

"must balance Rule 4(m)'s stated purpose of 'reduc[ing] delay at the beginning of litigation[,]'

with the desire to resolve [the] claims on the merits." *Gabriel v. W. Express Trucking Co.*, Case

No. 3:22-cv-00288, 2022 WL 2334004, at *1 (M.D. Tenn. June 28, 2024) (first and second

alterations in original) (first quoting Fed. R. Civ. P. 4(m) advisory committee's note to 2015

amendment; and then quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and

Procedure* § 1137 (4th ed. updated Apr. 2022)). A plaintiff "may demonstrate good cause by

showing that [it] 'made a reasonable and diligent effort to effect service.'" *Id.* (quoting *Habib v.

Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994)).

The Court finds that DeLong has demonstrated she made reasonable and diligent efforts to

effect service by attempting personal service at Enterprize Sports' registered address in Tennessee

three times and, when that failed, locating Enterprize Sports' registered agent, Robins, at a

residential address in New Jersey. DeLong then unsuccessfully attempted to personally serve

Robins seven times at the residential address and confirmed with a person identified as Robins's

mother that Robins resided there. (Doc. Nos. 11, 11-3.) DeLong has thus established good cause

for the Court to extend her deadline to serve Enterprize Sports under Rule 4(m). *Habib*, 15 F.3d at

74.

### B. DeLong's Proposed Methods of Service

Having met no success in serving Enterprize Sports personally by engaging private process

servers, DeLong now proposes serving Enterprize Sports via certified mail and email. (Doc.

No. 11.) "The Federal Rules of Civil Procedure do not permit service of process on a corporation

6

by mail[.]" *Walker v. Brooke Corp.*, No. 08-cv-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009). Nor do the federal rules authorize service of process by email. *Johnston v. NewsChannel 5 Network, LLC*, Civ. No. 3-15-0859, 2016 WL 204484, at *1 (M.D. Tenn. Jan. 15, 2016). However, because this Court is located in Tennessee and DeLong intends to serve Enterprize Sports in New Jersey, Delong may effect service of process on Enterprize Sports in accordance with Tennessee or New Jersey law. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). These state-law alternatives provide for service by the means DeLong proposes.

### 1.     Service By Certified Mail

#### a.     Tennessee

This Court has explained that Tennessee law authorizes service of process by certified mail in certain circumstances:

> The Tennessee Rules of Civil Procedure provide that service on a defendant located outside of the state may be made in accordance with Tennessee Rule of Civil Procedure 4.04, in a manner prescribed by the state in which service is effected for an action in courts of general jurisdiction of that state, or as directed by the court. Tenn. R. Civ. P. 4.05(1)(a)–(c). Rule 4.04 provides that a domestic corporation may be served "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or . . . to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt"). "[U]nder either [Tennessee] or federal procedural rules, a plaintiff bears the burden of demonstrating that he [or she] has served a copy of the summons and complaint on an officer, managing or general agent, or some other agent authorized by appointment or by law to accept service of process on behalf of the defendant corporation." *Pride v. U.S. Smokeless Tobacco Mfg. Co.,* Civ. No. 3:10-0597, 2011 WL 344105, at *2 (M.D. Tenn. Feb. 1, 2011), *report and recommendation adopted*, 2011 WL 734937 (M.D. Tenn. Feb. 23, 2011).

*Emiabata v. Farmers Ins. Corp.*, Case No. 3:23-cv-00263, 2024 WL 4940543, at *5 (M.D. Tenn. Dec. 2, 2024) (alterations in original), *report and recommendation adopted*, 2024 WL 5248244

(M.D. Tenn. Dec. 30, 2024). Because Tennessee Rule of Civil Procedure 4.04 expressly authorizes

service of a corporation by certified mail, DeLong does not need the Court's authorization to serve

Enterprize Sports under its terms. Accordingly, DeLong's request for that authorization will be

found moot.

<b>b.</b>      <b>New Jersey</b>

"Under New Jersey law, the primary method for effectuating service is personal service."

*Campillo v. Antaki*, Civ. Action No. 19-9298, 2021 WL 2668615, at *1 (D.N.J. Apr. 6, 2021); *see*

*also* N.J. Ct. R. 4:4-4(a) ("The primary method of obtaining *in personam* jurisdiction over a

defendant in this State is by causing the summons and complaint to be personally served . . . .").

However, "[i]f it appears by affidavit satisfying the requirements of [N.J. Ct.] R. 4:4-5(b) that

despite diligent effort and inquiry personal service cannot be made . . . ," then substitute service

may be made by

> mailing a copy of the summons and complaint by registered or certified mail, return
> receipt requested, and, simultaneously, by ordinary mail to . . . a corporation,
> partnership or unincorporated association that is subject to suit under a recognized
> name, addressed to a registered agent for service, or to its principal place of
> business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(1)(C).

"Diligence has no fixed standard" in this context. *Menon v. Corbett*, Civ. Action No. 21-

8384, 2023 WL 4946972, at *2 (D.N.J. Aug. 3, 2023) (quoting *H.D. Smith, LLC v. Prime Rite*

*Corp.*, Civ. Action No. 16-294, 2016 WL 3606785, at *2 (D.N.J. July 5, 2016)). Instead, a court

applying New Jersey law "conducts a fact-sensitive inquiry 'measured by the qualitative efforts of

a specific plaintiff seeking to locate and serve a specific defendant.'" *Guardian Life Ins. Co. of*

*Am. v. Crystal Clear Indus.*, Civ. Action No. 11-3062, 2012 WL 1884003, at *5 (D.N.J. May 22,

2012) (quoting *Modan v. Modan*, 742 A.2d 611, 613 (N.J. Super. Ct. App. Div. 2000)). "Diligence

requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does

not necessarily mean a plaintiff take every conceivable action." *Id.* (citing *Modan*, 742 A.2d at 613–14). If diligence is shown, "no court order shall be necessary" to authorize substitute service by simultaneous certified and ordinary mail under New Jersey Court Rule 4:4-4(b)(1)(C). N.J. Ct. R. 4:4-4(b)(3).

DeLong's counsel filed an affidavit detailing ten attempts by private process servers to serve Enterprize Sports in Tennessee and in New Jersey via its agent Robins. (Doc. No. 11-1.) These efforts required DeLong's counsel to conduct research to locate Robins's residential address and to engage the assistance of private process servers. (*Id.*) Similar efforts have been found to constitute diligence under New Jersey law. *See, e.g.*, *Grange Ins. Co. v. Hankin*, Civ. Action No. 21-11928, 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (finding diligence where plaintiff employed "its counsel, process servers, and a personal investigator, to locate" and serve the defendant); *Guardian Life Ins. Co. of Am.*, 2012 WL 1884003, at *5 (finding diligence where the plaintiff "conducted social media and public record searches . . . [and] attempted personal service on [the defendant] five times at four different addresses," among other efforts).

While no court order allowing DeLong to serve Enterprize Sports by mail is required, the Court finds that DeLong has demonstrated the required diligence to authorize substitute service under New Jersey Court Rule 4:4-4(b)(1)(C). *See* N.J. Ct. R. 4:4-4(b)(3).

### 2. Service By Email

#### a. Tennessee

Tennessee does not expressly provide for service of process by email. However, Tennessee Rules of Civil Procedure 4.05(1)(b) and (c) provide that, "[w]henever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made" "in any manner prescribed by the law of the state in which service is effected . . ." or "as directed by the court." Tenn. R. Civ. P. 4.05(1)(b), (c). As explained below, New Jersey law

authorizes substitute service by email in certain circumstances. Such service is therefore also appropriate under Tennessee Rule of Civil Procedure 4.05(1)(b). The parties have not addressed, and there is no need for this Court to determine, whether service by email is also appropriate "as directed by the court" under Tennessee Rule of Civil Procedure 4.05(1)(c).

### b. New Jersey

New Jersey law does not expressly provide for service of process via email. However, it provides that, "[i]f service cannot be made by any of the modes provided by" New Jersey Court Rules 4:4-4(a) and (b), "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3).

"[T]he 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Guardian Life Ins. Co. of Am.*, 2012 WL 1884003, at *5 (quoting *O'Connor v. Altus*, 335 A.2d 545, 556 (N.J. 1975)); *see also Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Federal courts applying New Jersey law have "recognized that service by email is generally permitted where 'the movant has "supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."'" *Menon*, 2023 WL 4946972, at *3 (alteration in original) (quoting *S.E.C. v. Vuuzle Media Corp.*, Civ. Action No. 2:21-cv-1226, 2021 WL 1731947, at *3 (D.N.J. May 3, 2021)); *see also Truist Bank v. Elgeo Corp.*, Civ. Action No. 24-1533, 2024 WL 3898038, at *5 (D.N.J. Aug. 22, 2024) ("This Court has specifically allowed a plaintiff to serve a defendant domestically by email where the plaintiff

provided evidence that the email was 'reasonably likely to apprise Defendant of the pendency of this action.'" (quoting *Menon*, 2023 WL 4946972, at *5). For example, courts have "accepted email as a sufficient means of service where the plaintiff demonstrates direct communication with the defendant at the relevant address." *Menon*, 2023 WL 4946972, at *4 (citing *Vaswani, Inc. v. Manjunathamurthy*, Civ. Action No. 2:20-cv-20288, 2021 WL 1541071, at *2 (D.N.J. Apr. 19, 2021)).

Here, DeLong's counsel states in a sworn declaration:

> Prior to the commencement of this action, in August of 2024, the firm served notice on the Defendant regarding its infringing conduct via e-mail, in an attempt to address the Defendant's infringing conduct, at the following e-mail addresses: dc@enterprizesports.com; dan@enterprizesports.com; and <doug@enterprizesports.com [*sic*]. Defendant, via dc@enterprizesports.com, responded to the pre-litigation communication attempts. Based on said communications, the Defendant's e-mail address was active as of October of 2024.

(Doc. No. 11-1, PageID# 39, ¶ 13.) DeLong's evidence that her counsel had direct communication with Robins through the dc@enterprizesports.com email address indicates that the address was active and used by Enterprize Sports for business purposes as recently as October 2024. Therefore, the Court finds that, "[u]nder the circumstances, service via email seems likely to 'apprise [Enterprize Sports] of the pendency of the action and afford [it] an opportunity to present [its] objections.'" *Vuuzle Media Corp.*, 2021 WL 1731947, at *3 (quoting *Vanderhoef v. China Auto Logistics Inc.*, Civ. Action No. 2:18-cv-10174, 2019 WL 6337908, at *4 (D.N.J. Nov. 26, 2019)). The Court will therefore authorize service by email if DeLong's efforts to serve Enterprize Sports by mail do not succeed.

IV.     **Conclusion**

For the foregoing reasons, DeLong's motion to extend the service deadline and for an order authorizing service of process on Enterprize Sports via certified mail and email (Doc. No. 11) is GRANTED IN PART AND FOUND MOOT IN PART as follows:

11

DeLong's request to extend the service deadline under Rule 4(m) is GRANTED for good cause shown. DeLong is ORDERED to perfect service of process on Enterprize Sports by August 27, 2025.

DeLong's request to serve Enterprize Sports by certified mail under Tennessee law and by simultaneous certified and ordinary mail under New Jersey law do not require court authorization. Accordingly, DeLong's request for that authorization is FOUND MOOT.

DeLong's request to serve Enterprize Sports by email at dc@enterprizesports.com, dan@enterprizesports.com, and doug@enterprizesports.com in compliance with New Jersey law is GRANTED. DeLong may serve Enterprize Sports by email if her efforts to effect service by mail do not succeed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge